UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,
COVID-19 BUSINESS INTERRUPTION PROTECTION
INSURANCE LITIGATION                                          MDL No. 2961

## RESPONSE TO ORDER TO SHOW CAUSE

Respondents, plaintiffs in two class action lawsuits currently pending against Lloyd's in the District of New Jersey,[1] hereby respond to the Order to Show Cause by recommending that the Panel consolidate all the pending lawsuits against Lloyd's, London for coordinated pretrial proceedings in the Southern District of Florida.

**A. The Court Should Consolidate All Pending Lawsuits against Lloyd's, London**

As explained by plaintiffs' counsel in prior briefing and at the hearing in MDL No. 2942, *In re COVID-19 Business Interruption Protection Insurance Litigation*, consolidation of all pending actions against insurers like Lloyd's, London who have many cases pending against them across the country will streamline motion practice, encourage consistent rulings on common legal questions, and support judicial efficiency and conservation of resources. These goals are more likely to be achieved in these cases because all Lloyd's, London policies contain similar contractual provisions that provide coverage for losses resulting from orders of civil authorities which required businesses to close due to physical loss or physical damage caused by the presence of COVID-19. Another significant common issue across these cases is whether plaintiffs' businesses were closed as a consequence of "physical loss or physical damage." Consolidation will allow plaintiffs to pool their resources to present the Court with expert testimony from

---

[1] *MDH Global, LLC v. Certain Underwriters at Lloyd's London*, No. 3:20-cv-08214 (D.N.J.); *Palm and Pine Ventures, LLC v. Certain Underwriters at Lloyd's London*, No. 3:20-cv-08212 (D.N.J.).

common epidemiologists demonstrating that physical loss or physical damage occurred in all places where COVID-19 was present.

It is appropriate for the Court to consolidate all Lloyd's, London actions separately from those actions pending against the Hartford, Cincinnati, and Society, because while those insurers are all admitted carriers who utilize standard insurance forms issued by the U.S. Insurance Services Office ("ISO"), Lloyd's, London is the largest foreign surplus lines insurer in the United States.[2] A surplus line carrier "is an Unlicensed insurer designated by the insurance commissioner to provide insurance" to the residents of each state "which they would not otherwise be able to procure," provided that certain conditions are met. *Triage, Inc. v. Prime Ins. Syndicate, Inc.*, 887 A.2d 303, 306 (Pa. 2005). Unlike admitted insurers, which are required to use forms approved by each state's department of insurance, surplus line insurers are permitted to modify insurance forms in consideration of the fact that they are often taking on higher risks. *See* Denise Johnson, *Understanding the Difference Between Standard and Excess/Surplus Lines*, Claims Journal (July 31, 2014), available at https://www.claimsjournal.com/news/national/2014/07/31/252642.htm. Because Lloyd's, London has the ability to depart from standard ISO forms, it is appropriate for a single Court to focus its efforts on identifying what, if any, deviations from the ISO forms were adopted by this insurer, and how those deviations (if any) should be properly interpreted.

B. **The Southern District of Florida is the Best Venue for Transfer**

Respondents join in prior arguments submitted to the Panel about why the highly efficient and conveniently located Southern District of Florida is uniquely suited to handle a matter of this

---

[2] *See* https://content.naic.org/cipr_topics/topic_surplus_lines.htm (explaining "Lloyd's of London is the largest writer of surplus lines insurance. According to A.M. Best, in 2018 the Lloyd's market represented **23.6%** of the total surplus lines market share and wrote $11.8 billion in surplus lines premiums.").

magnitude. Plaintiffs respectfully submit that the Southern District of Florida is particularly suitable for a few important reasons.

The Southern District of Florida is the best location for transfer and consolidation because of the unique relationship that Lloyd's, London has with that district. For example, Lloyd's has an office in Miami which it uses to support and grow its presence in the Latin America and Caribbean markets.[3] In fact, Lloyd's controls a quarter of the market for higher risk insurance and re-insurance in Florida.[4] Furthermore, Lloyd's, London often holds events in this district such as the "Lloyd's Miami Meet the Market," intended to "provide representatives from the Miami and Lloyd's insurance market with the chance to network and discuss future business opportunities."[5]

It is appropriate for Lloyd's, London cases to be consolidated in a district where the insurer has a significant presence—and where many counties and municipalities have issued a plethora of emergency orders concluding that the presence of the COVID-19 virus constitutes physical loss or physical damage: *See, e.g.,* See Broward Cnty. Administrator's Emergency Order 20-01 ("this Emergency Order is necessary because of the propensity of the virus to spread person to person and also because the virus is physically causing property damage due to its proclivity to attach to surfaces for prolonged periods of time."); City of Aventura Order dated March 24, 2020 (explaining the COVID-19 "virus physically is causing property damage due to its proclivity to attach to surfaces for prolonged periods of time"); City of Coral Springs Emergency Order 2020-11 ("COVID-19 attaching to surfaces contaminates the area and therefore also causes property damage . . . the virus physically is causing property damage"); City of Lauderdale Lakes

---

[3] *See* https://www.reinsurancene.ws/lloyds-to-launch-miami-office/.
[4] *See* https://www.wlrn.org/show/the-sunshine-economy/2020-02-25/the-sunshine-economy-lloyds-of-london-ceo-on-the-rising-cost-of-risk-and-climate-change.
[5] *See* https://www.insuranceprofessionalslatam.com/event/lloyds-annual-miami-meet-market-2020-insurance-week/.

Emergency Order 2020-01 ("the virus physically is causing property damage due to its proclivity to attach to surfaces for prolonged periods of time."); City of Miami Beach Decl. of a State of Emergency dated March 26, 2020 ("COVID-19 may be spread amongst the population by various means of exposure, including the propensity to spread person-to-person and the propensity to attach to surfaces for prolonged periods of time, thereby spreading from surface to person and causing property loss and damage in certain circumstances"); City of North Miami "Safer at Home" Emergency Order ("this Order is given because of the propensity of the virus to spread person to person and also because the virus is physically causing property damage due to its proclivity to attach to surfaces for prolonged period of time."); City of Oakland Park Proclamation 2020-002 ("This Order is given because of the propensity of the virus to spread person to person and also because the virus physically is causing property damage due to its proclivity to attach to surfaces for prolonged period of time.").

Regardless of the primary business interruption coverage, the emergency orders and the policies' civil authority coverage provisions contemplate no physical damage at the insured premises, but coverage of lost income caused by county and municipalities' emergency orders. Thus, the Southern District of Florida is the most appropriate venue for transfer because counties and municipalities in its geographic proximation have these types of orders.

## CONCLUSION

For the foregoing reasons, Respondents respectfully suggest that the Panel transfer the Lloyd's, London COVID-19 business interruption cases to the Southern District of Florida for consolidated pretrial proceedings.

Respectfully submitted this 20th day of August, 2020

By: */s/ Adam M. Moskowitz*

Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Adam A. Schwartzbaum
Florida Bar No. 93014
adams@moskowitz-law.com
Howard M. Bushman
Florida Bar No. 0364230
howard@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

William F. "Chip" Merlin, Jr.
cmerlin@MerlinLawGroup.com
New Jersey Bar No. 055182013
Florida Bar No. 364721
Shane S. Smith
ssmith@MerlinLawGroup.com
Florida Bar No. 53130
**MERLIN LAW GROUP**
777 S. Harbour Island Blvd.
Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692

Rene M. Sigman, Esq.
Merlin Law Group
515 Post Oak Blvd., Suite 510
Houston, TX 77027

Office:713-626-8880
Email: rsigman@MerlinLawGroup.com

Michael Howard Moore, Esq.
Business Development
Merlin Law Group
777 S. Harbour Island Blvd.
Suite 950
Tampa, FL 33602

Email: MMoore@merlinlawgroup.com  
Tel:    (813) 229-1000  
Fax:   (813) 229-3692