UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION

MDL No. 2961

## RESPONSE TO ORDER TO SHOW CAUSE

Respondent Independent Restaurant Group, LLC ("IRG"), plaintiff in a class action lawsuit pending against Certain Underwriters at Lloyd's, London ("Lloyd's") in the Eastern District of Pennsylvania,[1] responds to the Order to Show Cause by recommending that the Panel consolidate all the pending lawsuits against Lloyd's for coordinated pretrial proceedings in the Eastern District of Pennsylvania. Alternatively, IRG recommends consolidation of all such lawsuits in the Western District of Missouri.

## ARGUMENT

Transfer and coordinated proceedings are appropriate when: (i) actions involving one or more common questions of fact are pending in different districts; (ii) transfer and coordination will serve the convenience of the parties and witnesses; and, (iii) transfer "will promote the just and efficient conduct" of the proceedings. 28 U.S.C. § 1407(a). Consolidation of the Lloyd's cases would consolidate motion practice, provide consistent rulings on common legal questions, and further judicial efficiency and resource conservation.

---

[1] *Independence Restaurant Group, LLC d/b/a Independence Beer Garden v. Certain Underwriters at Lloyd's London*, Civ. A. No. 2:20-cv-02365 (E.D. Pa.), pending before the Honorable Chad F. Kenney.

A.       **The Eastern District Of Pennsylvania Is The Best Venue For Transfer**

While the cases against Lloyd's are currently pending in seven different district courts, primarily in the Mid-Atlantic region, they all deal with insurance coverage related to business losses stemming from the COVID-19 pandemic on surplus line\excess policies sold by Lloyd's. All of the policies contain similar provisions related to coverage for losses stemming from business closure due to physical loss or damage, and in all cases the central issue will be whether these businesses were in fact closed because of "physical loss" or "physical damage."  And these common issues are in turn amenable to common proofs, including common expert testimony from epidemiologists or other medical professionals regarding the physical loss and damage caused by COVID-19.  Finally, the Lloyd's surplus line policies are unique because, as a surplus line carrier, Lloyd's can modify its insurance forms in a way that typical insurers (such as those in the other groups in this MDL) cannot.  So, while the similarity in the Lloyd's contractual provisions lends itself to consolidation, the dissimilarity between Lloyd's policies and those written by the other insurers undercuts consolidation with those other cases.

And while Respondent IRG joins in prior arguments that the Lloyd's cases should be consolidated and coordinated for pre-trial discovery, Respondent believes that the Eastern District of Pennsylvania is the best consolidation venue.

The Lloyd's cases are pending primarily along the Eastern seaboard.  When normal business travel resumes, the Eastern District of Pennsylvania, with a courthouse in downtown Philadelphia, will provide a convenient and easily accessible litigation hub, with major highway access, as well as airports and railroad stations all within twenty minutes of the courthouse, for parties traveling from Florida and Louisiana as well as from New York, New Jersey, and Illinois.

However, a much more compelling reason for consolidating these cases in the Eastern District of Pennsylvania is its well-earned reputation as being at the forefront of multi-district litigation handling many of the most complex and cutting-edge cases and home to some of the most well-renowned class, mass, and complex litigation jurists in the country. Proof of the Eastern District of Pennsylvania's suitability to handle this litigation can be found by reviewing the latest MDL litigation statistics, reported on August 15, 2019. While the Southern District of Florida oversaw five such MDLs at that time, the Eastern District of Pennsylvania was overseeing **twelve** MDLs, including the NFL concussion injury litigation, antitrust litigation, and pharmaceutical products liability litigation, with only the Southern District of New York, the Northern District of California, and the District of New Jersey handling more.[2]

In addition to the instant IRG case, an earlier case against Lloyd's was filed in *Fire Island Retreat v. Brit Global Specialty USA, Inc.,* No. 2:20-cv-2312 (E.D. Pa.), making it the "first filed" case, and is pending before the Honorable Mitchell S. Goldberg. Further, over a dozen additional Covid-19 cases remain pending against other insurers in the Eastern District before the Honorable Timothy J. Savage. While *Fire Island* is the first filed case, and would presumptively be transferee forum, all three judges, Judge Kenney, Judge Goldberg and Judge Savage have extensive judicial experience, move their caseloads extremely efficiently, and would be excellent choices to oversee a consolidated MDL proceeding against Lloyd's.

The Eastern District of Pennsylvania has the track record, judicial experience and resources to professionally and efficiently handle this MDL.

---

[2]   *See* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_by_District-August-15-2019.pdf (last visited August 22, 2020).

**B.     In The Alternative, Respondent Recommends Transfer To The Western District Of Missouri**

Consolidation and coordination of pretrial proceedings of the pending actions against Lloyd's is also appropriate for transfer to the Western District of Missouri. That District is well ahead of others in considering the issues expected to be raised in this litigation.

Two weeks ago, the Honorable Stephen R. Bough of the Western District entered a detailed and thoughtful opinion denying an insurance company's motion to dismiss. *Studio 417, Inc. v. Cincinnati Insurance Company*, No. 20-cv-3127-SRB, 2020 WL 4692385 (W.D. Mo. Aug. 12, 2020). The opinion evinces a thorough study and understanding of the detailed terms and conditions of "all-risk" property insurance policies (which are materially the same as the Lloyd's policies), including the meaning of "direct physical loss" and the nuances of "civil authority coverage."

Due to the similarity of the insurance policies at issue, and because Judge Bough already has demonstrated important experience with Covid-19 cases, his would be an appropriate assignment of the Lloyds cases as a separate MDL with the Cincinnati Insurance cases.

The Western District of Missouri is also an appropriate venue for moving multiple cases through the court system. The Federal Court Management Statistics for the 12-month period ending on June 30, 2020 shows that the median time from filing to disposition for civil cases in the Western District of Missouri was 7.2 months, and the median time from filing to trial was 26.1 months.[3]

---

[3]     *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2020.pdf (last visited August 25, 2020) at 8.

## **CONCLUSION**

For the foregoing reasons, Respondent Independent Restaurant Group, LLC respectfully suggests that the Panel transfer the Lloyd's, London COVID-19 business interruption cases to the Eastern District of Pennsylvania for consolidated pretrial proceedings. In the alternative, Respondent recommends transfer to the Western District of Missouri.

Respectfully submitted,

Dated: August 26, 2020

By: */s/ James A. Francis*
James A. Francis
John Soumilas
David A. Searles
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com

Alan M. Feldman
Daniel J. Mann
Edward S. Goldis
Andrew K. Mitnick
Bethany R. Nikitenko
FELDMAN SHEPHERD
WOHLGELERNTER TANNER
WEINSTOCK & DODIG, LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
T:(215) 567-8300
F: (215) 567-8333
afeldman@feldmanshepherd.com
dmann@feldmanshepherd.com
egoldis@feldmanshepherd.com
amitnick@feldmanshepherd.com
bnikitenko@feldmanshepherd.com

*Attorneys for Plaintiff Independence Restaurant Group, LLC*

**PROOF OF SERVICE**

I HEREBY CERTIFY, on August 26, 2020, in compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, the foregoing document was filed with this Honorable Court's CM/ECF system at which time all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document electronically or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

*/s/James A. Francis*
James A. Francis
